32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Margaret Ann YOUNG, Defendant-Appellant.
 No. 94-5133.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1994.
Decided Aug. 9, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-93-160)
 Janis Richardson Hall, Greenville, SC
 David Calhoun Stephens, Assistant United States Attorney, Greenville, SC
 D.S.C.
 AFFIRMED.
 Before HALL, LUTTIG and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Margaret Ann Young pled guilty to misprision of a felony, 18 U.S.C.A. Sec. 4 (West 1969), pursuant to a criminal information which specified that the felony was money laundering,* and that she had concealed money she knew to be the proceeds of illegal drug transactions. Young's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), taking issue with the court's enhancement of her base offense level and its denial of mitigating adjustments for role and acceptance of responsibility, but stating that in her view there are no meritorious grounds for appeal. Young has been notified of her right to file a supplemental pro se brief but has not done so.
 
 
 2
 While investigating a crack conspiracy run by Jimmy Lee Sadler and Joseph Andrew Sadler, authorities learned that Jimmy Sadler drove a vehicle registered to Margaret Young, who lived in Taylors, South Carolina. They also received information that Jimmy Sadler stored cash at the home of a lady who lived in a brown house in Taylors. On the day the Sadlers' house was searched, the vehicle registered to Young was parked outside. At the same time, two agents went to Young's house, which is brick with brown trim. They were there a short while before she returned home, and during that time they searched the trash can outside and found an insurance statement for the car driven by Jimmy Sadler.
 
 
 3
 Young then appeared and allowed the agents inside the house, but told them they would need a search warrant to search the house. In response to questions from the agents, Young told them that Joseph Andrew Sadler had delivered a bag to her which she thought might contain money. The agents telephoned the agent in charge, who in turn contacted a United States magistrate judge and an oral search warrant was obtained. After the oral search warrant was issued, Young turned over a bank bag containing $29,979 in cash which was in a locked cabinet in her room.
 
 
 4
 Young was initially charged with conspiracy. She moved to suppress the money, claiming that the search was invalid because the affidavit was insufficient without her statement about the money bag and that her statement was the result of coercion. At the suppression hearing, she alleged that the agents told her they were getting a search warrant before she made the statement. However, the district court denied the motion to suppress, finding that in the totality of the circumstances, the search warrant was valid. See Illinois v. Gates, 462 U.S. 213, 239 (1983). We agree that even without Young's statement there was probable cause to search her house for money and other evidence of drug dealing. Id. (reviewing court's duty is simply to ensure that magistrate had substantial basis for concluding that probable cause exists).
 
 
 5
 After the district court denied her motion to suppress, Young entered a guilty plea to misprision of a felony. Her base offense level was enhanced by three levels because she knew the money was the proceeds of unlawful drug transactions. United States Sentencing Commission, Guidelines Manual, Secs. 2X4.1, 2S1.1(b)(1) (Nov.1993). At sentencing however, Young denied knowing what was in the bag. Finding that Young had admitted knowing the contents of the bag when she entered her guilty plea, the court correctly made the enhancement.
 
 
 6
 No adjustment for mitigating role was available to Young. U.S.S.G. Sec. 2X4.1, comment. (n.2). While Young admitted being Jimmy Sadler's girlfriend, she denied knowing of any illegal activity both in her interview with the probation officer and at the sentencing hearing. The denial of a reduction for acceptance of responsibility was not clearly erroneous under these circumstances. U.S.S.G. Sec. 3E1.1, comment. (n.3).
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform her client, in writing, of her right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 18 U.S.C.A. Sec. 1956 (West Supp.1994)